MICHEL, Chief Judge,
and MAYER, Circuit Judge, concurring.
Although we agree with the court’s analysis in Section III.B, we do not consider it necessary to address this issue en banc. DSU misreads Hewlett-Packard as if we had said “proof of actual intent to cause the acts which constitute the infringement is a necessary and sufficient prerequisite to finding active inducement,” but we did not. There is no actual conflict between Hewlett-Packard and Manville and, thus, no need for intervention by the full court. Such rare intervention should be reserved for real conflicts as well as cases of exceptional importance. See Fed. R.App. P. 35(a). In our opinion, the panel was free to conclude that the district court correctly rejected DSU’s proffered jury instruction because, misunderstanding Hewlett-Packard, DSU did not correctly state the law.
Moreover, we write to make clear that we do not set forth a new standard here as to what satisfies the “knowledge of the patent” requirement in cases brought under 35 U.S.C. § 271(b). See, e.g., Insituform Techs., Inc. v. Cat Contr. Inc., 161 F.3d 688, 695 (Fed.Cir.1998) (analyzing section 271(b) liability under both actual and constructive- knowledge standards). There is no dispute that ITL Corporation Pty, Ltd., had actual knowledge of United States Patent No. 5,112,311. Accordingly, the “knowledge of the patent” issue is not before us.